**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| In re: LINDA L. GARMONG, | No. 22-15885 |
| Debtor, | D.C. No. 3:19-cv-00490-RCJ |
| GREGORY O. GARMONG, | MEMORANDUM* |
| Appellant, | |
| v. | |
| MAUPIN, COX & LEGOY, | |
| Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted October 6, 2023**
Las Vegas, Nevada

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: RAWLINSON and OWENS, Circuit Judges, and PREGERSON,*** District Judge.

Gregory Garmong (Garmong) appeals the district court's order denying his motion for attorney's fees under 28 U.S.C. § 1447.

We have jurisdiction under 28 U.S.C. § 1291 to review the district court's order concerning attorney's fees. *See Chan Healthcare Grp., PS v. Liberty Mut. Fire Ins. Co.*, 844 F.3d 1133, 1141 (9th Cir. 2017). We review the district court's denial of attorney's fees for an abuse of discretion. *See Grancare, LLC v. Thrower by and through Mills,* 889 F.3d 543, 547 (9th Cir. 2018). "We will reverse a district court decision only if it is premised on clearly erroneous findings of fact or erroneous determinations of law." *Id.* at 547-48 (citation and internal quotation marks omitted).

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "[A]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. . . ." *Chan Healthcare Grp.*, 844 F.3d at 1141 (citation omitted).

---

*** The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

The district court did not abuse its discretion in denying Garmong's motion for attorney's fees because Maupin, Cox & Legoy (Maupin) did not "lack[ ] an objectively reasonable basis for seeking removal." *Id.* (citation omitted). The bankruptcy court held that it had ancillary jurisdiction over Garmong's action based on "its inherent power to interpret and enforce the settlement agreement incorporated into the Settlement Order over which it specifically retained jurisdiction." The bankruptcy court concluded that the settlement agreement was "directly at issue" in Garmong's action. The district court agreed, holding that Garmong's "argument that the bankruptcy court lacked jurisdiction [was] without merit because an exercise of jurisdiction by a bankruptcy court to enforce its own orders arises in or is related to the bankruptcy case and is thus within" the bankruptcy court's "statutory jurisdiction."

Although in a prior appeal we ultimately disagreed with the jurisdictional analyses conducted by the bankruptcy court and district court, we did not hold that Maupin's removal of Garmong's state court action was foreclosed by our precedent. *See Garmong v. Maupin, Cox & Legoy* (*In re Garmong*), No. 20-17520, 2021 WL 6102184, at *1 (9th Cir. Dec. 22, 2021) (unpublished). Notably, we additionally held that, "[e]ven assuming the bankruptcy court retained jurisdiction over a settlement agreement between Garmong and [Maupin], such

3

retention [did] not confer removal jurisdiction under 28 U.S.C. § 1452, and the parties fail[ed] to identify any other statutory basis for removal." *Id.* (citation omitted). Based on the plausible jurisdictional considerations raised in this case, we are unable to conclude that Maupin "lacked an objectively reasonable basis for seeking removal." *Chan Healthcare Grp.*, 844 F.3d at 1141 (citation omitted); *see also Grancare, LLC*, 889 F.3d at 552 (explaining that "[r]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted") (citation and internal quotation marks omitted).

**AFFIRMED.**